UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

| | |
|---|---|
| NOVELINE BARRIFFE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NEWPORT HOME CARE, INC., a Florida corporation, PAMELA WARD, individually, and LISA WILLIAMS, individually, | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE AND OVERTIME VIOLATIONS**

Plaintiff, NOVELINE BARRIFFE, through undersigned counsel, files this Complaint against Defendants NEWPORT HOME CARE, INC., a Florida corporation ("Newport"), PAMELA WARD, individually ("Ward"), and LISA WILLIAMS, individually ("Ward") (collectively, "Defendants"), under 29 U.S.C. 216(b), and alleges:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1. This is an action to recover money damages for unpaid minimum wage and overtime wages arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "Act" or the "FLSA").

2. The Plaintiff was a resident of Broward County, Florida at the time this dispute arose. She is still a Broward County resident.

3. The corporate Defendant, Newport, is a Florida corporation with its principal address located in Broward County, Florida and which regularly transacts business within the Southern District of Florida, including in Broward County, Florida within the jurisdiction of this

1

Court. Newport was one of Plaintiff's FLSA employers during the relevant time period described below.

4. Individual Defendant Ward is a corporate officer (President) and/or owner and/or manager of Newport and ran the day-to-day operations of Newport for the relevant time period. She was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule, and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

5. Individual Defendant Williams is a corporate officer (Vice President) and/or owner and/or manager of Newport and ran the day-to-day operations of Newport for the relevant time period. She was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule, and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

6. This Court has jurisdiction pursuant to Section 216 of the FLSA. This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States.

7. Venue is proper under 28 U.S.C. § 1391 because Newport resides in Broward County, Florida and all Defendants are residents of the State of Florida. Venue is also proper because the events giving rise to the claims contained in the Complaint occurred in Broward County, Florida, within the jurisdiction of this Court.

8. 29 U.S.C. 206(a)(1)(C) provides, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: … $7.25 an hour…"

9. 29 U.S.C. 207(a)(1) provides, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Defendants' business activities involve those to which the Act applies.  Defendants are an "Enterprise engaged in commerce or in the production of goods for commerce" under 29 U.S.C. 203(s)(B) because they act with a common business purpose as an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

11. Specifically, at all relevant times, Newport was a Florida-licensed Assisted Living Facility that housed between four and six sick, aged, or mentally ill or defective patients that reside on the premises.

12. Individual Defendant Ward was Plaintiff's individual employer for the time period alleged herein pursuant to 29 U.S.C. 203(d).  Among other things, she had the power to hire and fire employees, supervised and controlled Plaintiff's work schedule and conditions of employment, determined the rate and method of payment for Plaintiff (and indeed, did write checks to the Plaintiff), and maintained some, though not all required, employment records.

13. Individual Defendant Williams was Plaintiff's individual employer for the time period alleged herein pursuant to 29 U.S.C. 203(d).  Among other things, she had the power to hire and fire employees (and indeed, did terminate the Plaintiff), supervised and controlled Plaintiff's

work schedule and conditions of employment, and determined the rate and method of payment for Plaintiff.

14. Plaintiff worked for Defendants as a non-exempt laborer and caregiver from approximately October 2018[1] through October 9, 2019.

15. Among Plaintiff's job duties for Defendants were tasks such as cleaning, cooking, laundry, attending to patient needs, and being physically present at the Newport facility.

16. During October 2018 through mid-December 2018 (with some exceptions in which Plaintiff worked more), Plaintiff generally worked for Defendants from approximately Friday at 6pm through the following Monday at 10am (approximately 40 hours) for which she was paid a total of $250.00. This amount was less than the minimum wage.

17. Beginning on approximately December 21, 2018, Plaintiff began working 280-hour shifts beginning on a Friday at 6pm and concluding at 10am on the second Wednesday thereafter. For each of these 280-hour shifts, Plaintiff was generally paid a total of $700.00.

18. During 2019, Plaintiff worked two (2) 280-hour shifts per month until her employment was terminated on October 9, 2019. Accordingly, in 2019, Plaintiff was generally paid the equivalent of approximately $2.50 per hour she worked for Defendants.

19. The amounts paid to Plaintiff in both 2018 and 2019 were less than the federal minimum wage for almost every single workweek.

20. Defendants did not pay Plaintiff any overtime wages for hours exceeding 40 in any workweek during calendar years 2018 or 2019.

---

[1] The exact date Plaintiff began working for Defendants is presently unknown. Defendants did not maintain records (such as timesheets) sufficient to substantiate all of the specific dates or hours worked by Plaintiff.

4

21. Defendants did not maintain proper and accurate time records as mandated by the FLSA and/or its regulations.

22. Defendants willfully and intentionally refused to pay Plaintiff overtime pay during this period as required by the Act since Defendants were aware of the overtime requirements of the Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Act.

23. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

24. Plaintiff has retained the undersigned law firm to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### COUNT I: MINIMUM WAGE AND OVERTIME VIOLATIONS
### (against all Defendants)

25. Plaintiff incorporates and re-adopts the allegations contained in paragraphs 1-24 above as if set out in full herein.

26. During Plaintiff's employment with Defendants, she worked hours for which she was compensated at less than the minimum wage.

27. Prior to discovery (but following pre-suit receipt of a limited number of documents from Defendants), it is estimated that Plaintiff is owed approximately $25,690.00 in unpaid minimum wages, excluding liquidated damages, attorneys' fees, and costs.

28. During Plaintiff's employment with Defendants, when Plaintiff worked in excess of forty (40) hours in a single week, she was not compensated at the statutory rate of time and one-half the applicable minimum wage for those hours.

29. Prior to discovery (but following pre-suit receipt of a limited number of documents from Defendants), it is estimated that Plaintiff is owed approximately $18,240.00 in unpaid overtime wages, excluding liquidated damages, attorneys' fees, and costs.

30. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

31. Because of Defendants' willful, intentional, and reckless violations of the FLSA's minimum wage and overtime provisions, Plaintiff is entitled to liquidated damages.

32. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment for Plaintiff against Defendants, jointly and severally, on the basis of the Defendants' willful violations of the FLSA, award Plaintiff actual damages in the amount of her unpaid minimum wage and overtime compensation, award Plaintiff an equal amount in liquidated damages, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: November 20, 2019                 Respectfully submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Counsel for Plaintiff*